

### 4:16-cr-3077, USA v. Mayfield--tentative evidentiary findings
**John Gerrard (Dist Judge)**  to: Sara Fullerton, John S. Berry Jr    06/12/2017 10:45 PM
Cc: "Judge", David Dirgo, Rogene Schroder
Bcc: Colleen Beran

Counsel,

The Court has reviewed the government's notice of intent to offer 404 evidence (filing 47), the defendant's motion in limine (filing 59), and the government's exhibits, including the audio recordings in exhibits 14a-c, 15, and 23a-c. The Court's tentative conclusions follow.

First, the Court's tentative conclusion is that evidence of the defendant's 2006 conviction for possession of cocaine for the purpose of sale is <u>not</u> admissible pursuant to Fed. R. Evid. 403 and 404(b). The government proffers the evidence as relevant to show the defendant's state of mind, his intent, and his knowledge. The Court recognizes that evidence of prior drug offenses may be admissible for such purposes. *See*, *United States v. Jackson*, 856 F.3d 1187, 1191 (8th Cir. 2017); *United States v. Banks*, 706 F.3d 901, 906-07 (8th Cir. 2013). But in this case, the defendant's previous conviction is significantly remote in time to the crime charged, and the government has proffered no relevant similarities between the offenses other than possession of a controlled substance. The Court is not persuaded that the evidence is sufficiently probative of the defendant's state of mind, intent, or knowledge with respect to the crime charged to prevent that probative value from being substantially outweighed by the significant potential prejudice associated with it. *See Banks*, 706 F.3d at 906-07.

The Court, however, tentatively concludes that the calls Anthony Harris made from jail are generally admissible as co-conspirator statements (presuming that foundation is laid for the declarants as co-conspirators). The relevant portions of those calls, generally described, involve the defendant assuring Harris (and their mother assuring him as well) that they will retain counsel for Harris and bail him out of jail, and urging him not to talk to anyone. And they discussed, with Harris, the evidence he knew law enforcement to have implicating him.

Obviously, the defendant's statements are admissible--at issue are the corresponding statements of Harris and his mother. But those remarks were made while the alleged conspiracy was ongoing. And statements of reassurance which serve to maintain trust and cohesiveness further the conspiracy. *See*, *United States v. Tremusini*, 688 F.2d 547, 555 (8th Cir. 2012); *United States v. Lewis*, 759 F.2d 1316, 1348 (8th Cir. 1985). So, too, do efforts to conceal an ongoing conspiracy. *Tremusini*, 688 F.3d at 555; *United States v. Manfre*, 368 F.3d 832, 838-39 (8th Cir. 2004); *United States v. Williams*, 87 F.3d 249, 253-54 (8th Cir. 1996).

Now, it is possible to interpret the conversations between Harris and his family as simply providing reassurance and assistance to a family member who had gotten in legal trouble. But it is also possible to interpret them--and these are not mutually exclusive objectives--as the efforts of endangered coconspirators to preserve and conceal the existence of the conspiracy, by ascertaining the strength of the government's evidence and encouraging Harris not to reveal anything to the police. (In particular, while the Court agrees with the defendant that the statement "I did

this in Reno" refers to spending time in jail, and not illegal activity, that interpretation of the statement does not preclude its relevance as part of that general intent to reassure Harris for purposes of protecting a conspiracy.)

Accordingly, the Court finds sufficient foundation, as a general matter, for at least portions of the conversations to be admissible as co-conspirator statements. (And some of Harris' remarks are also admissible for non-hearsay purposes, as providing necessary context for the defendant's admissible statements.) The proper interpretation of the remarks--familial concern, conspiring, or both--goes to the weight of the evidence, and is a question for the jury.

That said, not everything recorded is relevant, and at some point it may be cumulative, or inadmissible for some other reason. So, within these general parameters, the Court will tomorrow (at 8:35 am or, prior to their offer) specifically consider the portions of the recordings that the government intends to offer into evidence, along with any objections or proposed redactions.

John M. Gerrard, U.S. District Judge