

**Re Brief regarding co-conspirator statements**

John Gerrard (Dist Judge)  to: Sara Fullerton, John S. Berry Jr          06/13/2017 07:39 PM
Cc:    David Dirgo
Bcc:   Colleen Beran

Counsel,

I have reviewed the government's brief (filing 69) in support of admitting statements made by Maria Mayfield as co-conspirator statements. The Court is still unpersuaded that, without any additional foundational evidence, Maria Mayfield's statements are admissible non-hearsay. Primarily, the Court sees no independent evidence that Maria Mayfield was part of the alleged conspiracy, and "an out-of-court statement is not hearsay and is admissible if on the <u>independent</u> evidence the district court is satisfied that it is more likely than not that the statement was made during the course and in furtherance of an illegal association to which the declarant and the defendant were parties." *United States v. Bell* , 573 F.2d 1040, 1044 (8th Cir. 1978) (emphasis supplied).

The Court is well aware, as the government points out, that when assessing the foundation for conditionally admitted co-conspirator statements under the *Bell* procedure, "a court is allowed to consider the statements themselves." *United States v. Anderson* , 243 F.3d 478, 483 (8th Cir. 2001). But, the Eighth Circuit has repeatedly--and recently--made clear that "[a]lthough courts may consider the contents of the statements, the government must produce independent evidence outside of the statements themselves to establish the existence of the conspiracy." *United States v. Whitlow* , 815 F.3d 430, 434 (8th Cir. 2016) (quoting *United States v. Young* , 753 F.3d 757, 771 (8th Cir. 2014)). Or, more specifically: "a district court may consider the content of the proffered coconspirator statements <u>so long as a statement does not provide the sole evidence of its own admissibility</u>." *United States v. Haire* , 806 F.3d 991, 997 (8th Cir. 2015) (emphasis supplied); *see* *United States v. Roach* , 164 F.3d 403, 409 (8th Cir. 1998); *see also United States v. Ragland* , 555 F.3d 706, 713 (8th Cir. 2009).

And right now, the only evidence the Court has laying foundation for Maria Mayfield's statements are Maria Mayfield's statements. One of the things the government must show, for an alleged co-conspirator's statement to be admissible, is that the defendant <u>and the declarant</u> were members of the conspiracy. *Whitlow* , 815 F.3d at 434. There is no evidence that the declarant, Maria Mayfield, was a member of the conspiracy other than her proffered co-conspirator statements. There is, in other words, no independent foundational evidence for the Court to weigh along with content of the proffered statements.

Beyond that, even if the content of the statements was permitted to "bootstrap" their admissibility, the evidence is not particularly persuasive. As the Court has previously said, the statements made to Anthony Harris by his brother and mother could be interpreted as familial concern, or conspiratorial activity, or both--but the inference of

conspiratorial activity is far stronger when associated with actual, independent evidence that the parties to the conversation were both in the conspiracy. Without other evidence that Maria Mayfield was part of the conspiracy, there is little to tip the balance in favor of criminal activity. (And, the Court notes--there is a difference between inferring that Maria Mayfield knew Anthony Harris was dealing drugs, and inferring that she was actually a part of some conspiracy with him.)

So, the question for the government is simply this: is this all the foundation you expect to lay? The Court has permitted co-conspirator statements to be conditionally admitted under *Bell* --that is, the statements have been admitted on the government's representation that foundation would be provided later, pursuant to Fed. R. Evid. 104(b), to "connect up" to the evidence. But the Court does not, at this point, understand the government to be making such a representation--that is, the Court understands the government's position to be that the foundation for Maria Mayfield's statements has already been laid. If that is the government's position, then the Court disagrees that sufficient foundation has been laid, for the reasons explained above. But if the government has additional foundational evidence, then it should feel free, in the morning, to either offer that foundation or represent its intent to "connect up" with additional foundation later (but assume the risk inherent in *Bell* that the Court might not find that foundation sufficient after all).

And, of course, it is the government's right to proffer its evidence and make a clear record of its position on these issues, in which case the Court will explain its reasoning and rulings on the record.  *Again, let's begin court, outside the presence of the jury, at 8:35 am on Wednesday.  Everyone can make a record & we can proceed with the evidence at 8:45 am, or shortly thereafter.

Respectfully,

John M. Gerrard