IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:16-CR-3077 |
| vs. | ORDER |
| ROBERT L. MAYFIELD, | |
| Defendant. | |

This matter is before the Court on the defendant's motion for new trial (filing 80). That motion will be denied.

Upon the defendant's motion, the Court may vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Civ. P. 33; *see United States v. McClellon*, 578 F.3d 846, 856–57 (8th Cir. 2009). But the Court must exercise this authority sparingly and with caution. *United States v. Clayton*, 787 F.3d 929, 935 (8th Cir. 2015). Motions for new trials are generally disfavored and will be granted only where a serious miscarriage of justice may have occurred. *United States v. Morris*, 817 F.3d 1116, 1121 (8th Cir. 2016).

The defendant argues that the Court erred by permitting the jury to hear telephone calls made from jail by Anthony Harris. *See* filing 80. First, the defendant argues there was no evidence that the calls were actually made to him. Filing 80 at 1. But that's simply incorrect: there was plenty of evidence to suggest that the person speaking with Harris was the defendant. The person Harris called was referred to repeatedly as "Rob" or "Robert." It has not been contested that Harris was the defendant's brother, and the person Harris called consistently called Harris "bro." Harris called him "bro"

on occasion as well. And it is plain from the conversations that the term was being used literally, because they also talked about the mother and uncle they clearly had in common. "Rob" also mentioned being jailed in Reno, as the defendant has been, which would be a remarkable coincidence if "Rob" wasn't the defendant.

But that remark connects directly to the other problem with the defendant's argument, which is that it wasn't made before or during trial. In fact, the defendant moved to exclude evidence of the statement about Reno pursuant to Fed. R. Evid. 404(b), expressly premising that argument on the admission that he *was* the declarant. *See* filing 59. A defendant's failure to object to an alleged error generally precludes him from asserting the claimed error in a motion for new trial. *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988). Defense counsel must take the initiative in bringing alleged trial error to the Court's attention. *Id.* Counsel cannot stand idly by, permit the presentation of erroneous matter at trial, and then complain about the inclusion of that evidence in the trial record, absent plain error. *Id.*

And here, the defendant expressly took the position that it *was* him on the other end of Harris's calls. *See* filing 59. Given the evidence set forth above, that was probably reasonable—but regardless, the defendant cannot change his position now. In any event, if the defendant genuinely believed the evidence connecting him to the telephone calls was lacking, he was free to make that argument to the jury—but, for foundational purposes, the evidence that "Rob" was the defendant—and the defendant's position that "Rob" was the defendant—was enough to establish the admissibility of the evidence.

The defendant's remaining arguments were raised at trial—but, for the reasons explained at trial, the Court finds those arguments unpersuasive. Specifically, as explained on the record, the Court found that the evidence—

particularly the testimony of Kenneth Lee Johnson—established that both Harris and the defendant were part of a conspiracy. And as explained at trial, the Court found the evidence—particularly the testimony of Angelo Ybarra—sufficient to show that the conspiracy was ongoing when Harris's statements were made, and that those statements were made in furtherance of the conspiracy. *See* filing 67. Nothing in the defendant's motion for new trial has changed the Court's mind on those issues. Accordingly,

>IT IS ORDERED that the defendant's motion for new trial (filing 80) is denied.

Dated this 12th day of July, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge