IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:16-CR-3077 |
| vs. | MEMORANDUM AND ORDER |
| ROBERT L. MAYFIELD, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 133) and several other motions filed by the defendant, Robert Mayfield. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States,* 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily

dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged in 2016 with one count of conspiring to distribute methamphetamine and possess methamphetamine with intent to distribute it. Filing 1. The government later filed an information of prior conviction pursuant to 21 U.S.C. § 851, alleging that the defendant had been convicted of a felony drug offense in Nevada in 2006. Filing 52.

The defendant was convicted after a jury trial, based in large part on testimony from cooperating witnesses and on recordings of jailhouse telephone calls involving the defendant's brother. *See* filing 70; filing 72. He was ultimately sentenced to the mandatory minimum sentence of 20 years' imprisonment. *See* filing 93. The defendant appealed, still represented by trial counsel, but the U.S. Court of Appeals for the Eighth Circuit affirmed the judgment. *United States v. Mayfield*, 909 F.3d 956 (8th Cir. 2018). His petition for writ of certiorari was denied on May 20, 2019. Filing 125.

The defendant filed a motion asking the Court to extend the statute of limitations for filing a § 2255 motion. Filing 128. The Court denied that motion without prejudice, explaining that the Court couldn't determine when the statute of limitations for a § 2255 motion would accrue without knowing the basis for the motion, and couldn't assess whether equitable tolling of the statute of limitations would be appropriate until a motion was actually filed. Filing 129. The defendant filed another motion to the same effect, filing 130, and got the same answer, filing 131.

The defendant timely filed his initial § 2255 motion on May 18, 2020, within one year of the denial of his petition for writ of certiorari. Filing 133; *see* § 2255(f); *see also Campa-Fabela v. United States*, 339 F.3d 993, 993-94 (8th Cir. 2003). At the same time, he filed another motion to extend the statute of limitations, based on limited library access because of his institution's COVID-19 "lockdown." Filing 132. He filed a supplemental § 2255 motion on August 21, 2020. Filing 136. The Court finds that the denial of library access due to the COVID-19 pandemic, and the defendant's filing of a nearly complete brief before the statute of limitations elapsed, demonstrate that the defendant has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *See Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). Accordingly, the Court will grant the defendant's motion to extend.[1]

## DISCUSSION

The defendant's motions raise several claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

---

[1] In addition, when a *pro se* petitioner files a second § 2255 motion while his first § 2255 motion is still pending, the second motion is not barred by AEDPA and should be construed as a motion to amend. *United States v. Sellner*, 773 F.3d 927, 931 (8th Cir. 2014).

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

FAILURE TO OBJECT TO PRIOR FELONY DRUG OFFENSE

The defendant argues that his 2006 conviction for selling crack cocaine in violation of Nev. Rev. Stat. 453.337 did not qualify as a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1)(E)(ii), and that trial counsel was ineffective for failing to object at sentencing on those grounds.[2] Filing 134 at 1-12. He relies upon *United States v. Figueroa-Beltran*, 892 F.3d 997, 1004 (9th Cir. 2018), in which the Ninth Circuit questioned whether § 453.337 was a "drug trafficking offense" for purposes of U.S.S.G. § 2L1.2. Filing 134 at 8-9.

But the definition of "drug trafficking offense" under the Guidelines is different from the definition of "felony drug offense," and under the Guidelines, the Court applies a categorical approach to determine whether a state law offense is a "drug trafficking offense" for purposes of the Guidelines. *See United States v. Benitez-De Los Santos*, 650 F.3d 1157, 1159 (8th Cir. 2011). Pursuant

---

[2] The defendant also argues that a prior California offense was invalid, but only the Nevada conviction was alleged in the government's § 851 information, and it was the only basis for raising the mandatory minimum under § 841(b)(1)(E)(ii). Filing 52; *see* filing 89 at 4.

to § 841(b)(1)(E)(ii), however, a conviction results in a 20-year mandatory minimum sentence if the defendant previously committed "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). That's an extremely broad definition. *See United States v. Brown,* 598 F.3d 1013, 1015-16 (8th Cir. 2010). And the Eighth Circuit has not applied a categorical approach in determining whether prior offenses meet that definition. *See id.*; *see also United States v. Modisett*, 731 F. App'x 548, 550 (8th Cir. 2018); *United States v. Ingram*, 594 F.3d 972, 981 (8th Cir. 2010).

Section 453.337 proscribes the possession for sale of flunitrazepam, gamma-hydroxybutyrate, and their precursors (*i.e.* date-rape drugs), or any controlled substance classified in schedule I or II (*see* Nev. Admin. Code 453.510 & 453.520; *see also* Nev. Rev. Stat. 453.166 & 453.176). The statute very clearly "restricts conduct relating to" narcotic drugs, depressants, and stimulants. Accordingly, trial counsel was not deficient in not objecting to the defendant's prior conviction for violating it, nor was the defendant prejudiced by that failure to object.

FAILURE TO MOVE IN LIMINE TO EXCLUDE COOPERATING WITNESS TESTIMONY

As noted above, the defendant was convicted based at least in part on the testimony of cooperating witnesses. The defendant asserts that trial counsel was ineffective in failing to file a "motion in limine to exclude and limit government witnesses' [sic] testimony" for a "pre-trial reliability hearing in order to prove their testimony was inherently unreliable." Filing 134 at 12.

But a pretrial "reliability hearing" as to the credibility of witnesses just isn't a thing. Witness credibility determinations are left to the jury, not the

Court. *See United States v. Harris,* 966 F.3d 755, 762 (8th Cir. 2020). And convictions may properly rest solely on the testimony of co-conspirators and cooperating witnesses. *United States v. Jefferson,* 975 F.3d 700, 705 (8th Cir. 2020). An accomplice's testimony is not discredited simply because the witness may benefit from inculpating the accused, and it is the jury's responsibility to decide whether a witness is telling the truth despite incentives to lie. *United States v. Lop Bounmy,* 403 F.3d 1018, 1021 (8th Cir. 2005). Counsel was not ineffective in failing to file a meritless motion, nor was the defendant prejudiced by counsel's failure to file a motion that the Court would have denied out of hand.

The defendant also argues that counsel "should have further argued for special/cautionary jury instructions to instruct the jury to scrutinize the government witnesses' testimony with care, which would have allowed petitioner to receive Due Process during trial." Filing 134 at 16. But the Court gave precisely such an instruction. Filing 74 at 9. The defendant contends that the Court's Instruction #8 was deficient because it didn't name the cooperating witnesses specifically and "speculates about them receiving a reduced sentence." But, in fact, the instruction correctly stated the law: there is no guarantee of a reduced sentence for cooperating witnesses. *See* Fed. R. Crim. P. 35(b); *cf. United States v. Rublee,* 655 F.3d 835, 839 (8th Cir. 2011). Nor is the Court persuaded that the jury instruction needed to specifically name the witnesses. This was a 3-day trial with 10 witnesses total, the first three of whom were the cooperators about whom the defendant complains: everyone knew exactly whom Instruction #8 was about, and the defendant's closing argument made the point precisely. *See* filing 113 at 83-94.

The defendant further notes that the jury instruction didn't include the penalties for charges against the cooperating witnesses. Filing 134 at 20. But

- 6 -

those facts were in evidence. *See* filing 110 at 33, 81, 118. Whether the cooperating witnesses were reliable, or whether they had the opportunity to coordinate their testimony while incarcerated, wasn't a matter for the Court to determine—it was, rather, an appropriate subject for argument, and counsel did argue it. *See, e.g.*, filing 113 at 83-94, *see also* filing 110 at 70-72, 108-110, 142-44. Counsel performed adequately by arguing those issues to the jury, rather than requesting an instruction, and defendant wasn't prejudiced because those issues were presented to the jury for their consideration. The jury simply decided to believe the cooperating witnesses.

### FAILURE TO ADEQUATELY IMPEACH GOVERNMENT WITNESSES

In a related argument, the defendant claims that trial counsel was ineffective because he failed to impeach the testimony of the government's cooperating witnesses with statements provided by Mykael Pierce and his mother about allegedly false testimony from the same cooperating witnesses. Filing 134 at 22; *see* filing 137 at 11-101.[3] But it is not clear how trial counsel was expected to use those assertions. The most that could possibly have happened is inquiry into the subject on cross-examination that couldn't have been proved by extrinsic evidence. *See* Fed. R. Evid. 608(b); *see also United States v. Martz*, 964 F.2d 787, 789 (8th Cir. 1992); *United States v. Randle*, 815 F.2d 505, 507-08 (8th Cir. 1987). (And that's assuming that persuasive extrinsic evidence could have been adduced, as opposed to the hearsay the defendant presents now.)

In fact, trial counsel cross-examined the cooperating witnesses extensively regarding their motive and opportunity to fabricate allegations

---

[3] Pierce pleaded guilty in 2016 to conspiracy to distribute 500 grams or more of a mixture containing methamphetamine in case no. 4:16-cr-3014.

against the defendant. *See* filing 110, *passim*. The defendant would not have been permitted to adduce extrinsic evidence for purposes of collateral impeachment. *See United States v. Lynch*, 800 F.2d 765, 770 (8th Cir. 1986). The Court finds no basis to conclude that defense counsel performed deficiently, or that the defendant was prejudiced, by counsel's failure to attempt inquiry into collateral matters that couldn't have been substantiated.

### PROSECUTORIAL MISCONDUCT

Next, the defendant accuses the government of prosecutorial misconduct, and trial counsel of ineffectiveness in failing to assert it. Filing 138 at 35. Specifically, he accuses the prosecution of suborning false testimony from its cooperating witnesses. Filing 138 at 36-42. But while the Court recognizes the defendant's continued assertions that the witnesses against him were liars, there's no proof of that—and certainly nothing to show that the prosecutor knew it. *See Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993); *United States v. Woods*, 319 F. Supp. 3d 1124, 1141 (W.D. Ark. 2018), *aff'd sub nom. United States v. Paris*, 954 F.3d 1069 (8th Cir. 2020), and *aff'd*, 978 F.3d 554 (8th Cir. 2020); *see also Wadlington v. United States*, 428 F.3d 779, 784 (8th Cir. 2005). The Court does not find it necessary to hold an evidentiary hearing to litigate the veracity of the government's cooperating witnesses, based only on allegations from two defendants whom those witnesses accused. *See United States v. Peterson,* 223 F.3d 756, 763 (8th Cir. 2000); *United States v. Jordan,* 150 F.3d 895, 900 (8th Cir. 1998).

### CONFLICT OF INTEREST

Finally, the defendant claims that trial counsel had a conflict of interest because he represented other clients accused by the same cooperating witnesses. Filing 138 at 44-49. But it's not clear why that's a conflict.

- 8 -

The Sixth Amendment right to counsel has been interpreted to provide for representation that is free from conflicts of interest or divided loyalties, and although conflicts may arise when an attorney simultaneously represents clients with different interests, joint representation of multiple interested parties by a single attorney is not a per se violation of a defendant's right to effective assistance of counsel. *United States v. Reed*, 179 F.3d 622, 624 (8th Cir. 1999). And in this case, there's not even that much: there's no basis to conclude that counsel's different clients had different interests. They were both, in fact, motivated to question the credibility of the cooperating witnesses. There's no conflict of interest on these facts.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

There is one issue on which the Court finds that a certificate of appealability is appropriate: the failure to object to the prior Nevada conviction. The viability of the defendant's argument rests on asking the Eighth Circuit to evaluate its own precedent, so the Court will provide him with the chance to do that. In all other respects, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court

is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will issue a certificate of appealability only as to the defendant's first claim.

The defendant has moved for appointment of counsel, and the Court may appoint counsel for a § 2255 movant when the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B); *Abdullah v. Norris,* 18 F.3d 571, 573 (8th Cir.1994). The Court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir.1994). Having considered those factors, the Court finds that appointment of counsel is not warranted in this case: the issues involved can be properly resolved on the record. *See id*. The Court will deny the defendant's motions (of course without prejudice to the Eighth Circuit appointing counsel, should the defendant appeal and the Court of Appeals find that appointment of counsel is appropriate).

IT IS ORDERED:

1. The defendant's motion to extend (filing 132) is granted.

2. The defendant's pro se motions to vacate under 28 U.S.C. § 2255 (filing 133 and filing 136) are denied.

3. The defendant's motions for appointment of counsel (filing 135 and filing 139) are denied.

4.  The Court will issue a certificate of appealability in this matter as to the defendant's first claim: failure to object to prior felony drug offense.

5.  A separate judgment will be entered.

6.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 4th day of March, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge