IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:16-CR-3077 |
| vs. | |
| ROBERT L. MAYFIELD, | ORDER |
| Defendant. | |

The defendant has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Filing 156. That section permits the Court to modify a term of imprisonment if the defendant—having exhausted his administrative remedies—shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A). The Court will deny the defendant's motion.

After a jury trial in 2017, the defendant was convicted of conspiracy to distribute and possess with intent to distribute 500 grams or more of a substance or mixture containing methamphetamine. *See, generally*, *United States v. Mayfield*, 909 F.3d 956 (8th Cir. 2018); *see also United States v. Mayfield*, No. 4:16-CR-3077, 2021 WL 826577 (D. Neb. Mar. 4, 2021), *appeal dismissed*, No. 21-1648 (8th Cir. June 22, 2021). He was sentenced to 20 years' imprisonment—the mandatory minimum, given the defendant's prior conviction for a felony drug offense. *See* filing 52; filing 93. His conviction and sentence were affirmed on direct appeal, *see Mayfield*, 909 F.3d 956, and this Court denied postconviction relief, *see Mayfield*, 2021 WL 826577.

The defendant now argues for compassionate release based on three alleged "circumstances," but the first is dispositive of his motion: He argues that he received a harsher sentence than would be imposed today, because of an intervening change in the law. Filing 156 at 2-3. That means his motion rests on § 1B1.13(b)(6), which provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

And in this case, the defendant hasn't served at least 10 years of his term of imprisonment.

That leaves the defendant's claims that the COVID-19 pandemic resulted in harsher conditions of incarceration during his term, and that he has made meaningful progress toward rehabilitation. Filing 156 at 3-4. But the defendant's argument that the pandemic has made his incarceration harsher doesn't hold up: It broadly describes the experience of all federal prisoners, so even if it was "compelling," it's hardly "extraordinary." *See* § 3582(c)(1)(A). And rehabilitation by itself, while commendable, isn't enough in the absence of another circumstance warranting a sentence reduction. *See* § 1B1.13(d).

In sum, the Court finds that the defendant has failed to establish an extraordinary and compelling reason to reduce his sentence. Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 156) is denied.

Dated this 31st day of July, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge